**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHELLY S. SMITH,
        Appellant,

        v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-0752-14-0085-I-3

DATE: July 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shelly S. Smith, Monterey, California, pro se.

Michael L. Halperin, Esquire, Monterey, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as an Assistant Professor in the Hebrew Department at the agency's Defense Language Institute Foreign Language Center (DLIFLC) in Monterey, California. *Smith v. Department of the Army*, MSPB Docket No. SF-0752-14-0085-I-1, Initial Appeal File (IAF), Tab 10 at 17. The agency proposed the appellant's removal from her position based on three charges: (1) creating a disturbance (four specifications); (2) discourtesy (two specifications); and (3) failure to follow instructions (one specification). *Id.* at 11-15. After reviewing the appellant's written response and affording her two oral responses, the deciding official sustained the proposal and removed the appellant from her position. *Id.* at 7-9.

¶3 The appellant timely appealed her removal to the Board. IAF, Tab 1. The appeal was dismissed without prejudice twice to afford the parties more time to prepare for a hearing and as a result of an injury the appellant suffered. IAF, Tab 15; *Smith v. Department of the Army*, MSPB Docket No. SF-0752-14-0085-I-2, Appeal File, Tabs 1, 17. After the second refiling, the administrative judge held a hearing and issued an initial decision sustaining all of the specifications and charges and upholding the removal. *Smith v. Department of the Army*, MSPB

Docket No. SF-0752-14-0085-I-3, Appeal File (I-3 AF), Tabs 22-26, Tab 29, Initial Decision (ID) at 4-15.  The administrative judge also found that the appellant failed to prove her affirmative defenses of alleged due process violations and equal opportunity employment (EEO) retaliation.  ID at 15-22.  She also found that the agency proved that the charges bore a nexus to the efficiency of the service and that the penalty of removal was reasonable.  ID at 22-27.

¶4    The appellant has filed a petition for review challenging the administrative judge's credibility findings and reasserting her claim that the agency violated her due process rights in the removal process.  Petition for Review (PFR) File, Tab 10 at 3-20.[2]  The agency has filed an opposition to the appellant's petition, to which she has replied.  PFR File, Tabs 14-15.

---

[2] In her petition for review, the appellant makes various general claims of retaliation, PFR File, Tab 10 at 4, 11-12, Tab 15 at 5, 11, 13-14, but does not appear to directly dispute the administrative judge's findings regarding the alleged EEO retaliation claim, ID at 19-22.  In the initial decision, the administrative judge stated that the appellant could prove her EEO retaliation claim through direct evidence, circumstantial evidence, or both.  ID at 19-21; *see Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015).  However, after the Board's decision in *Savage*, in which it discussed these different types of evidence, the Board subsequently held that all evidence belongs in a single pile and must be evaluated as a whole.  *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 29 (2016).  Here, we find no prejudicial error in the administrative judge's discussion of direct versus circumstantial evidence because her analysis of all of the relevant evidence reflects a consideration of the record as a whole.  ID at 21-22.  Further, after our review of the record, we discern no reason to disturb the administrative judge's finding that the appellant failed to prove by preponderant evidence that retaliation for prior EEO activity was a motivating factor in the agency's removal action.  *Id.*; *see Savage*, 122 M.S.P.R. 612, ¶ 41.  Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we do not reach the question of whether retaliation was a "but-for" cause of the removal action.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 22-25.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved all three charges by preponderant evidence.</u>

¶5        Generally, an agency is required to prove its charges in an adverse action appeal by preponderant evidence.  5 U.S.C. § 7701(c)(1)(B).  A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).  After our review of the record and in consideration of the appellant's arguments on review, we agree with the administrative judge that the agency proved all three charges by preponderant evidence.

### *Charge one: creating a disturbance*

¶6        Regarding the charge of creating a disturbance, the agency alleged in specification one that during a faculty meeting held by her first-line supervisor, the appellant was disruptive, uncooperative, and defiant.  IAF, Tab 10 at 11.  The agency also alleged in specification one that the appellant was confrontational and accused her first-line supervisor of discriminating against her and blocking her "free communication."  *Id.*  In specification two, the agency alleged that the appellant made unwarranted inquiries into personal employee matters such as leave use and absences that caused colleagues undue concern.  *Id.*  In specifications three and four, the agency alleged that the appellant inappropriately interrupted another teacher's classroom on two separate occasions while he was teaching and stated that the classroom was too loud and made her unable to concentrate.  *Id.* at 11-12.  The fourth specification also adds that after interrupting the classroom for the second time, the appellant proceeded to have a loud conversation just outside the classroom, prompting the teacher to ask the appellant to lower her voice so that his class could concentrate.  *Id.* at 12.

¶7        In the initial decision, the administrative judge considered the relevant documentary evidence, including emails, memoranda, and handwritten notes related to the facts alleged in charge one.  ID at 6-10; IAF, Tab 9 at 14-15, 19-25.

She also discussed the relevant testimony provided by the appellant, who she found to be not credible. ID at 6-10. In addition, the administrative judge considered testimony from the appellant's first-line supervisor, her former team leader who also was present at the meeting detailed in specification one, the coworker with whom the appellant made inquiries regarding leave usage and absences who is discussed in specification two, and the teacher referenced in specifications three and four. *Id.* As discussed by the administrative judge, all of this testimony appears consistent with what was alleged in the proposal notice. *Id.*; I-3 AF, Tab 22, Hearing Compact Disc (HCD). The administrative judge found the witness's testimony to be specific, detailed, consistent with the record, and not inherently improbable. ID at 6-10. Based on the foregoing, the administrative judge found that the agency proved specifications one through four by preponderant evidence, and she sustained the charge. ID at 7-10.

¶8      On review, the appellant challenges the administrative judge's credibility findings regarding her first-line supervisor and generally argues that she was "heavily and closely coached" at the hearing and that she was not a credible witness. PFR File, Tab 10 at 11-13. She also challenges the credibility findings regarding the appellant's former team leader who was present at the meeting described in specification one and the employee with whom the appellant spoke concerning personal employment matters as discussed in specification two. PFR File, Tab 15 at 4-6. When an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on the witness's demeanor while testifying, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge appropriately relied on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), to assess witness credibility and found these

witnesses to be credible. ID at 6-10. Given the administrative judge's demeanor-based findings, we find that the appellant has failed to provide a "sufficiently sound" reason to disturb these conclusions.

¶9 The appellant also submits on review unauthenticated emails intended to impeach the testimony of the teacher whose classroom the appellant interrupted as detailed in specifications three and four, thereby trying to undermine his credibility. PFR File, Tab 10 at 22-23. The Board generally will only consider new evidence submitted on review that is material and not available when the record closed. 5 C.F.R. § 1201.115(d). Evidence offered on a petition for review merely to impeach a witness's credibility is generally not considered new and material. *Brown v. Department of the Navy*, 71 M.S.P.R. 479, 482 (1996). Moreover, even after our review of the emails, we find them to be immaterial. The substance of the emails deals with the degree to which the teacher used the classroom and details of a faculty dance and has no relevance to the facts alleged by the agency in charge one. PFR File, Tab 10 at 22-23. Accordingly, we find the appellant's arguments to be without merit, and we affirm the administrative judge's findings regarding charge one. ID at 6-10; *see Purifoy*, 838 F.3d at 1372-73.

*Charges two and three: discourtesy and failure to follow instructions*

¶10 Regarding charge two, discourtesy, the agency alleged in specification one that the appellant was disrespectful and passive aggressive in her conversations with her first-line supervisor and the assistant dean concerning her displeasure with not receiving a congratulatory email for her team's graduating class. IAF, Tab 10 at 12. The specification also alleged that the appellant's supervisor reminded the appellant that she had sent a congratulatory card and flowers and that the supervisor asked the appellant to focus on her job, rather than worry about receiving a congratulatory email. *Id.* In specification two, the agency alleged that the appellant was disrespectful, defiant, and argumentative with her supervisor during a performance-review discussion. *Id.*

¶11     Regarding charge three, failure to follow instructions, the agency alleged that the appellant's supervisor asked her to schedule her meeting on an EEO matter after 3:00 p.m. to minimize disruption to her teaching schedule, but the appellant later requested last-minute permission to attend a 9:00 a.m. meeting on the EEO matter. *Id.* at 13. The agency argues that the appellant did not seek clarification or reconsideration of her supervisor's request, and it asserts that the appellant failed to follow her supervisor's instruction regarding the appropriate time to schedule the meeting. *Id.*

¶12     In the initial decision, the administrative judge considered the relevant documentary evidence for charge two, including a series of emails between the appellant, her supervisor, and the assistant dean regarding the congratulatory email, and an email from the appellant's supervisor wherein she outlined what occurred at the performance-review session. ID at 11-13; IAF, Tab 9 at 26-31. She also considered the relevant documentary evidence for charge three, including a series of emails related to the appellant's request to attend the EEO meeting at 9:00 a.m. ID at 14; IAF, Tab 9 at 32-36. The administrative judge, moreover, discussed the relevant testimony from the appellant and her supervisor, and she found that the supervisor's testimony, which largely comported with the alleged facts in the proposal notice, was specific, detailed, consistent with the record, not inherently improbable, and, therefore, credible. ID at 11-15. Thus, the administrative judge found that the agency proved all of the specifications included in charges two and three, and she sustained both of those charges. ID at 13, 15.

¶13     The appellant does not appear to dispute the facts alleged in charges two and three and generally asserts, as discussed above, that her supervisor was not a credible witness. PFR File, Tab 10 at 11-13. We already have found that the appellant has failed to provide a "sufficiently sound" reason to encroach on the deference owed to the administrative judge's credibility determinations, *supra* ¶ 8, and we reiterate that finding here, *see Purifoy*, 838 F.3d at 1372-73;

*Haebe*, 288 F.3d at 1301. Accordingly, we will not disturb the administrative judge's findings regarding charges two and three.

¶14  Based on the foregoing, we agree with the administrative judge that the agency proved all three of its charges by preponderant evidence. Despite the appellant's argument on review that the administrative judge inadequately analyzed and gave little or insufficient weight to relevant evidence, and arrived at the wrong findings and conclusions, PFR File, Tab 15 at 14, we find that her arguments amount to nothing more than mere disagreement with the administrative judge's conclusions, and we find no basis to disturb these findings, *see, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). In addition, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant failed to prove that the agency violated her due process rights.

¶15  The appellant argued before the administrative judge, and argues again on review, that the agency violated her due process rights in several ways. I-3 AF, Tab 19 at 4-5; PFR File, Tab 10 at 3-19. The appellant's due process arguments on review can be summarized as follows: the deciding official did not adequately consider the materials she provided in her written response to the proposed removal; the deciding official was improperly influenced in her decision by other agency officials; and she did not receive several documents relied upon by the agency in arriving at the decision to remove her from her position. PFR File, Tab 10 at 3-19. After our review of the record and in consideration of the appellant's arguments on review, we find that she has failed to prove that the

agency violated her due process rights as alleged. *See* 5 C.F.R. § 1201.56(b)(2)(i)(C).

*Whether the appellant's replies to the proposal notice were adequately considered*

¶16 The essential requirements of procedural due process are prior notice of the charges against the employee and a meaningful opportunity to respond to those charges. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 546 (1985). Here, the appellant does not dispute that she received a notice of proposed removal, that she submitted a written response, and that she presented two oral replies; rather, she argues that the deciding official did not adequately consider her replies. PFR File, Tab 10 at 4, 9-10. In the initial decision, the administrative judge discussed the deciding official's testimony that she spent extensive time reviewing the materials submitted by the appellant and ultimately found that the appellant was provided with an adequate opportunity to present her case to the deciding official. ID at 16.

¶17 The appellant dedicates a significant portion of her petition for review to challenging the deciding official's credibility. PFR File, Tab 10 at 3-6, 11-12, 18-19. She attempts to highlight inconsistencies in the deciding official's testimony concerning when the deciding official received and considered the appellant's written response and whether she subsequently received the appellant's supplemental documentation. *Id.* at 3, 5-6. She also points out alleged inconsistencies in the deciding official's testimony regarding how long the decision process took and the content and duration of the "separation meeting" wherein the deciding official informed the appellant of her decision to remove her. *Id.* at 15-19. To support these allegations, the appellant points to deposition testimony juxtaposed with the deciding official's hearing testimony. *Id.* at 3, 5, 15. The deposition transcript, however, is not included in the record. PFR File, Tab 16. We therefore decline to consider the appellant's credibility arguments. *See Brown*, 71 M.S.P.R. at 482; 5 C.F.R. § 1201.115(d). Given the

administrative judge's demeanor-based credibility determinations, we will not disturb her finding that the deciding official was a credible witness and that she adequately considered the appellant's written and oral responses pursuant to due process requirements. ID at 16, 18; *see Loudermill*, 470 U.S. at 546; *Purifoy*, 838 F.3d at 1372-73; *Haebe*, 288 F.3d at 1301.

*Whether the deciding official was improperly influenced*

¶18 On review, the appellant also argues that the deciding official was improperly influenced by other agency officials and by other employees who provided her with "false accusations" not contained in the proposal notice. PFR File, Tab 10 at 4, 11, 16-17. Although an appellant's right to due process can extend to ex parte information provided to a deciding official, only ex parte communications that introduce new and material evidence to the deciding official constitute due process violations. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). The ultimate question is whether the information is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Stone*, 179 F.3d at 1377.

¶19 The administrative judge considered this argument below. ID at 17-18. She discussed the appellant's testimony that she believed that her supervisor was working in concert with the DLIFLC Provost to have her removed, and she considered the deciding official's testimony that she relied solely on the removal notice, the appellant's written and oral replies, and her discussions with human resources staff, upon whom she relied for technical guidance. *Id.* The administrative judge also considered testimony from the deciding official, the appellant's supervisor, and the DLIFLC Provost, wherein all three witnesses testified that they did not speak to each other at any time after the proposal notice was issued. ID at 18. In observing these agency officials' testimony, she found them to be credible. *Id.*

¶20    After our review of the record and the appellant's challenges to the administrative judge's credibility determinations on review, we find that the appellant has not provided a "sufficiently sound" reason to disturb the credibility determinations, and so we defer to them. *See Purifoy*, 838 F.3d at 1372-73; *see also Haebe*, 288 F.3d at 1301. Further, we find that the only ex parte communication proven to have occurred was between the deciding official and human resources personnel, wherein the deciding official sought technical guidance and further explanation of the *Douglas*[3] factors, HCD (testimony of the deciding official).[4] We find that the appellant has failed to prove that this communication was "so substantial and so likely to cause prejudice" that she could not fairly be required to be subjected to a deprivation of property under such circumstances. *Stone*, 179 F.3d at 1377. Accordingly, we will not disturb the administrative judge's findings in this regard.

> *Whether the appellant received the documents relied upon by the deciding official in arriving at her decision*

¶21    On review, the appellant also argues that the deciding official's notes from the oral responses and notes from any other agency official should have been delivered to her with the final decision. PFR File, Tab 10 at 6-8. Specifically, the appellant argues that the deciding official did not forward her notes until the appellant requested them in discovery. *Id.* at 7. She also argues that two other agency officials, one who was present during the oral responses and another who was present at the "separation meeting," both took handwritten notes that were never provided to her. *Id.* at 7-8.

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), the Board provided a nonexhaustive list of 12 factors to be considered when assessing a penalty.

[4] The deciding official testified that she was new to the process of having to remove an employee and sought assistance to help her further understand the nature of the *Douglas* factors because she believed that they were "not necessarily 100% clear on the surface." HCD (testimony of the deciding official).

¶22        We find the appellant's arguments to be unpersuasive.  By the appellant's own admission, the deciding official provided her with the notes in response to the appellant's discovery request.  *Id.* at 7.  We have found no evidence in the record that the appellant requested the notes prior to discovery, and she has pointed to no law, rule, or regulation that would require the deciding official to provide the appellant with her notes without being requested to do so and we know of none.  *See* 5 C.F.R. § 752.406(c) (requiring the agency to maintain copies of summaries of the employee's oral reply to furnish to the Board or the employee *upon request*).  Further, even if the agency erred in not providing any additional notes from other agency officials who were present at the appellant's oral responses and "separation meeting," we find that this does not constitute a due process violation.  The appellant has not provided any evidence proving that the agency's alleged failure to provide her with the notes interfered with her notice of the agency's charges against her or that it deprived her of a meaningful opportunity to respond to the charges.  *See Loudermill*, 470 U.S. at 546.  Having found no due process violation, we must also consider whether the agency committed harmful procedural error.  *Stone*, 179 F.3d at 1377-78.  Procedural error warrants reversal of an agency's action when the appellant establishes that the agency committed a procedural error, whether regulatory or statutory, that likely had a harmful effect on the outcome of the case before the agency.  *Powers v. Department of the Treasury*, 86 M.S.P.R. 256, ¶ 10 (2000); 5 C.F.R. § 1201.56(c).  Here, even if we assume that the agency committed a procedural error, the appellant did not show that the agency's failure to provide her with any notes that may have been taken by the two agency officials in question had a harmful effect on the outcome of her removal action.[5]  As a result, we find that the appellant's argument fails in this regard.

---

[5] The appellant also appears to argue that the deciding official erred in not submitting her notes directly to human resources personnel following the oral responses.  PFR File, Tab 10 at 7-8.  However, the appellant has not pointed to any law, rule, or regulation

<u>The appellant failed to show any error in the agency's penalty determination.</u>

¶23    On review, the appellant makes two arguments concerning the agency's penalty determination.  First, given the agency's reliance on prior discipline in selecting the penalty of removal, IAF, Tab 10 at 13, the appellant argues that two previous suspensions from 2007 and 2013 were not legitimate suspensions, PFR File, Tab 10 at 19.  Second, she argues that other employees have similarly caused disturbances and were either not disciplined or received less discipline. *Id.* at 19-20.  We find both arguments to be meritless.

¶24    Regarding the appellant's prior discipline argument, the 2007 suspension was not included in the proposal notice, and there is no evidence that it was relied upon by the deciding official in arriving at her decision.  IAF, Tab 10 at 13.  Regarding the 2013 suspension, *id.*, the appellant alleged that the deciding official in that suspension, who is also the deciding official in the instant action, retaliated against her for her EEO activity, I-3 AF, Tab 11 at 395.  The appellant also alleged that her supervisor manipulated her colleagues and other employees to turn them against her.  *Id.* at 7, 19.  The Board's review of a previous disciplinary action relied upon by the agency to assist in determining the appropriate penalty for the instant action is limited to determining whether it was clearly erroneous.  *Guzman-Muelling v. Social Security Administration*, [91 M.S.P.R. 601](), ¶ 15 (2002).  The administrative judge considered this argument below and found that the appellant's allegations "lack sufficient specificity" to demonstrate that the 2013 suspension was clearly erroneous.  ID at 26.  We have reviewed the record, and without any additional evidence or argument being presented by the appellant on review, we agree with the administrative judge.  Accordingly, we discern no error by the agency in assessing the appellant's prior discipline in its decision to remove her from her position.

---

that imposes such a requirement on the deciding official, and we know of none.  Accordingly, we find the appellant's argument to be without merit.

¶25     The appellant's second argument, that other employees engaged in disruptive behavior and received lesser or no discipline, is similarly without merit. The appellant makes four arguments regarding disparate penalties. First, she alleges that several teachers in the Hebrew Department engaged in "conduct [that] caused [a] major disruption" and that only one of them was reprimanded and suspended. PFR File, Tab 10 at 19. Second, she argues that the teacher whose classroom she disrupted also disrupted her classroom, but he was never disciplined. *Id.* at 19-20. Third, she argues that another employee "violated tests security safety [sic]" and received a "lightly phrased [w]arning letter." *Id.* at 20. Lastly, she argues that another employee made an inappropriate joke and only received verbal counseling. *Id.*

¶26     We find that the appellant has not provided sufficient information to prove a claim of disparate penalties. The record does not appear to contain any substantiating evidence proving the appellant's claims that the alleged comparators actually engaged in the conduct alleged, that the alleged conduct was similar to the appellant's misconduct, and that the alleged comparators received a lesser penalty or were not disciplined at all for their conduct. Further, the appellant has not provided any details, such as when the alleged misconduct occurred, who the employees' supervisors were, or any other facts indicating that they were similarly situated to the appellant. As a result, we find that there is no evidence that the agency treated similarly situated employees differently. In any event, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

The administrative judge did not err in denying some of the appellant's witnesses.

¶27     The appellant also argues on review that the administrative judge abused her discretion when she denied several of the appellant's requested witnesses. PFR File, Tab 15 at 13-14. An administrative judge has wide discretion to

control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013); 5 C.F.R. § 1201.41(b). The Board has held that in order to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Vaughn*, 119 M.S.P.R. 605, ¶ 12.

¶28     Here, the administrative judge approved five of the appellant's witnesses and provided her with an opportunity to submit additional information regarding four other witnesses. I-3 AF, Tab 16 at 2. The administrative judge also allowed the appellant to provide additional information for the 11 witnesses that were denied. *Id.* It does not appear that the appellant submitted any additional evidence on the 4 witnesses on whom the administrative judge had not yet ruled, or for the 11 witnesses that she excluded. Regarding those four witnesses, we find that the administrative judge's ultimate denial of those witnesses can partially be attributed to the appellant's own failure to provide supplemental information on their relevance and not to any error by the administrative judge. *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 18 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. Regarding the remaining witnesses, the appellant's vague assertions on review that the administrative judge erred in disallowing these witnesses do not show that their testimony would have been relevant, material, not repetitious, or that they could have affected the outcome of the case. PFR File, Tab 15 at 13-14. Therefore, we find that the appellant has failed to show that the administrative judge abused her discretion in disallowing some of her witnesses.

¶29     We have considered the appellant's other arguments on review, but we conclude that a different outcome is not warranted. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.